**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs, | No. CV-22-00008-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Raymond E Branton, | |
| Defendant. | |

Defendant Raymond Branton is a licensed psychologist. (Doc. 8-1 at 29.) On December 18, 2019, the Maricopa County Superior Court appointed Dr. Branton to perform an independent psychological evaluation of Plaintiff Kenneth Sachs in relation to pending family court matter to which Mr. Sachs was a party. (*Id.* at 3; Doc. 11-1.) The appointment order directed Dr. Branton to assess Mr. Sachs' mental status, determine how his mental health might influence or affect his relationship with his daughter and co-parenting with his daughter's mother, and provide treatment recommendations, if any. (Doc 11-1 at 3.) The order further stated that Dr. Branton would "have immunity for the services provided pursuant to this order to the extent it is afforded by law," and "[a]ny alleged impropriety or unethical conduct by [Dr. Branton] shall be brought to the attention of the Court in writing, prior to the submission of such complaints to any administrative bodies." (*Id.* at 4.) Branton submitted his report to the Court on May 20, 2020. (Doc. 8-1.)

Almost two years later, Mr. Sachs filed this action against Dr. Branton, alleging that Dr. Branton's report contained "numerous falsities" and that the Maricopa County Superior Court relied on those falsities to reduce his parenting time to supervised visits only. (Doc. 8 at 2.) Mr. Sachs alleges perjury, gross negligence, subornation of perjury, and violation of his constitutional right to parent a child under the Fourteenth Amendment. (*Id.* at 3-6.)

Dr. Branton moves to dismiss Mr. Sachs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) The motion is fully briefed. (Docs. 12, 14.) To survive a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must dismiss claims that are not based on a cognizable legal theory or that are not pled with enough factual detail to state a plausible entitlement to relief under an otherwise cognizable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Here, Dr. Branton argues that Mr. Sachs cannot state a plausible claim to relief because Dr. Branton is entitled to absolute judicial immunity. The Court agrees.

Judicial immunity protects the judicial process and prevents the deflection of an officer's energies from his public duties. *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017). The immunity is not limited to judges; it extends to nonjudicial officers for claims relating to the exercise of judicial functions. *Id.* Nonjudicial officers are entitled to quasi-judicial immunity when they perform non-discretionary or purely administrative acts at the explicit direction of a judicial officer. *Wright v. Beck*, 981 F.3d 719, 737-738 (9th Cir. 2020). To determine whether a nonjudicial officer is entitled to absolute quasi-judicial immunity, courts look to the nature of the function performed, not to the identity of the actor performing it. *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002). Judicial immunity is only overcome in two sets of circumstances: (1) non judicial actions, *i.e.*, actions not taken in the judge's judicial capacity or actions distinct from the judicial function and (2) actions taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

In *Burkes v. Callion*, the Ninth Circuit held that court-appointed psychiatrists who prepared and submitted medical reports to a state court were immune from liability because their functions fell within the scope of quasi-judicial immunity. 433 F.2d 318, 319 (9th Cir. 1970). The same is true here. Dr. Branton was appointed by a state court judge to carry out a court-ordered psychological evaluation in connection to a pending family court case. He acted at the explicit direction of a judicial officer and submitted his report for use by the court. Although Mr. Sachs argues that Dr. Branton's report contained falsehoods, such an accusation does not defeat quasi-judicial immunity, as it neither undermines the nature of the function Dr. Branton served nor Dr. Branton's jurisdiction/authority to conduct his evaluation. Because Mr. Sachs cannot cure this defect through an amended complaint,

**IT IS ORDERED** that Dr. Branton's motion to dismiss (Doc. 11) is **GRANTED**. The Clerk of the Court is directed to terminate this case.

Dated this 14th day of September, 2022.

Douglas L. Rayes
United States District Judge